UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MICHEAL HUNTER and THE PUBLIC and ex rel COMISSIONER OF INTERNAL REVENUE SERVICE,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVE BILLION, AUTO, MARY BERRA CEO of GENERAL MOTOR INC,[1]<br><br>Defendants. | 5:23-CV-05071-KES<br><br><br>ORDER GRANTING PLAINTIFF HUNTER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

Plaintiff, Michael Hunter, filed this pro se lawsuit that he describes as a *qui tam* action under the False Claims Act. Docket 1. Because Hunter alleges this is a *qui tam* action, the action is under seal in accordance with 31 U.S.C. § 3730(b)(2), but it does not appear that Hunter has served the Government with a copy of his complaint and a written disclosure of substantially all material evidence and information he possesses as is required under Federal Rule of Civil Procedure 4(i). Hunter moves for leave to proceed in forma pauperis and included a financial affidavit. Docket 2. Hunter also filed a motion for order to show cause but did include page one of that motion. Docket 3.

---

[1] The caption names the parties exactly as Hunter identifies the parties in his complaint. *See* Docket 1.

## I.      Motion for Leave to Proceed in Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (citation omitted). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Hunter's financial affidavit, the court finds that he has insufficient funds to pay the filing fee. *See* Docket 2. Thus, Hunter's motion for leave to proceed in forma pauperis (Docket 2) is granted.

## II.     1915 Screening

### A.      Factual Background

The facts alleged in Hunter's complaint are: on August 15, 2023, he took his vehicle to Billion Auto in Worthington, Minnesota for repairs. Docket 1 at 2–3. A Billion employee lied about the severity of a leak requiring repair. *Id.* at 4. Hunter's vehicle was not repaired as he directed. *Id.* at 5. Hunter was presented a bill exceeding the charges that he had approved. *Id.* at 11. Defendants would not release Hunter's vehicle unless he signed papers agreeing to pay for inaccurate charges he had not authorized. *Id.* at 4, 14. A

Billion mechanic falsified papers that resulted in the unconstitutional seizure of his vehicle. *Id.* at 4. Hunter claims that "others in The Public have been extorted by Billion" in a similar manner. *Id.* at 11.

Hunter alleges that Billion has committed three state felonies: falsifying business records, theft by deception, and auto theft. *Id.* at 7–8. Hunter also claims that "Dave Billion is setting up another monopoly in the City of Worthington" and urges the Department of Justice to intervene because a "monopoly is illegal and harms the Public[.]" *Id.* at 6, 8–9.

According to Hunter, defendants have seized his property without due process and have interfered with his right to travel from state to state using the highways. *Id.* at 7, 8, 11. Hunter requests that the court declare "Minnesota statute 514.18" unconstitutional because there is no right under the Constitution to detain the property of another to collect a debt. *Id.* at 12.

In his motion for order to show cause, Hunter seeks an order enjoining the application of "Minnesota statute 514.18", repayment of the "stolen" $34,000 and a $100,000 award for deterrence. Docket 3 at 2, 6.

### B.   Legal Background

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Id.* (citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must

4

contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations).

### C.    Jurisdictional Analysis

Because federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), the court must first consider whether Hunter's complaint involves a dispute or controversy within its jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### 1.    Federal Question Jurisdiction

District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff must be able to bring a suit under federal law for the claim to arise under the Constitution, laws, or treaties of the United States. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Merely identifying a federal issue is not enough to confer federal jurisdiction; the right being enforced must arise from federal law. *Cagle v. NHC Healthcare-Md. Heights, LLC*, 78 F.4th 1061, 1066 (8th Cir. 2023). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Liberally construing the allegations in Hunter's complaint, he has not pleaded a viable claim arising under federal law.

### a.   False Claims Act

Hunter alleges that this a *qui tam* action arising out of an alleged violation of the False Claims Act (FCA). Docket 1 at 1. The FCA imposes liability on "[a]ny person who . . . knowingly presents, or causes to be presented [to an officer or employee of the United States Government] . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1). The Act authorizes private persons to bring civil actions for violations of § 3729 in the Government's name. *Id.* § 3730(b)(1).[2] But Hunter, a pro se litigant, may not bring a *qui tam* action. *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*." (citing cases)); *United States ex rel. Davis v. Hennepin Cnty.*, 2016 WL 10747256, at *2 (D. Minn. July 8, 2016) (stating that "courts have uniformly held that non-lawyers may not litigate qui tam actions on behalf of the United States").

---

[2] The Act outlines procedural requirements to pursue a *qui tam* action. *See* 31 U.S.C. § 3730(b)(2). It appears that Hunter did not comply with these requirements, but it is not necessary for the court to consider whether Hunter's failure to comply is an independent basis to dismiss his *qui tam* action because his complaint fails to state a claim under the FCA. *See generally State Farm Fire & Cas. Co. v. United States ex rel. Rigsby*, 580 U.S. 26 (2016).

Even if Hunter were to retain counsel, his complaint fails to state a claim under the FCA. The FCA "does not apply to claims, records, or statements made under the Internal Revenue Code of 1986." 31 U.S.C. § 3729(d). Hunter alleges that "one of the defendant[s] [o]wes more than four hundred billion in unpaid federal [i]ncome taxes and defrauds on tax claims cheating the United States and the public[.]" Docket 1 at 2. Only the Government may commence a civil action for the recovery of taxes. 26 U.S.C. § 7401. "[A]ctions to recover income taxes are not authorized by the *qui tam* provisions of § 3730." *Hardin v. DuPont Scandinavia (ARA-JET)*, 731 F. Supp. 1202, 1204 (S.D.N.Y. 1990). To the extent Hunter alleges that defendants are liable for unpaid federal income taxes or submitted fraudulent tax documents, he fails to state a claim under the FCA.

Hunter alleges that defendants used fraud and deception to steal in excess of $34,000 from him. Docket 1 at 2. This allegation also fails to state a claim under the FCA. To bring a claim under the FCA, Hunter "must show that (1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *Thayer v. Planned Parenthood of the Heartland, Inc.*, 11 F.4th 934, 938 (8th Cir. 2021) (internal quotation omitted). Under the FCA, liability arises from the claim for payment, not the underlying fraudulent activity. *Id.* at 941 (citing *In re Baycol Prods. Litig.*, 732 F.3d 869, 875 (8th Cir. 2013)). Hunter does not allege that defendants submitted a claim to the United States for any

payment in connection with the alleged fraud and deception related to his motor vehicle repairs.

### b.    Federal Declaratory Judgment Act

Hunter requests a declaration under 28 U.S.C. § 2201 that the Minnesota mechanics' lien statute, Minn. Stat. § 514.18,[3] violates the Fourteenth Amendment's prohibition of denial of property without due process of law. Docket 1 at 1, 12–14. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, is not an independent source of federal jurisdiction. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("[T]he Declaratory Judgment Act . . . does not provide an independent basis for federal jurisdiction." (quoting *Victor Foods, Inc. v. Crossroads Econ. Dev.*, 977 F.2d 1224, 1227 (8th Cir. 1992))). Hunter's request that the court declare a Minnesota statute unconstitutional does not confer federal jurisdiction under 28 U.S.C. § 1331.

### c.    42 U.S.C. § 1983

Section 1983 is limited to actions taken "under color of" state law. *Campbell v. Reisch*, 986 F.3d 822, 824 (8th Cir. 2021) ("[Section] 1983 excludes

---

[3] This statute provides in relevant part:

> Whoever, at the request of the owner or legal possessor of any personal property, shall store or care for or contribute in any of the modes mentioned in section 514.19 to its preservation, care, or to the enhancement of its value, shall have a lien upon such property for the price or value of such storage, care, or contribution, and for any legal charges against the same paid by such person to any other person, and the right to retain possession of the property until such lien is lawfully discharged.

Minn. Stat. § 514.18(1).

from its reach merely private conduct, in that, for a § 1983 claim to succeed, a defendant must have acted under color of state law." (cleaned up and citation omitted)); *see also Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991) (reiterating that in general constitutional guarantees apply only to action by the government and do not apply to the actions of private entities). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution or laws of the United States. *West v Atkins*, 487 U.S. 42, 48 (1988).

The defendants are private actors. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). To establish liability under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the [plaintiff's] rights under the Constitution or laws of the United States." *Id.* Hunter does not allege any facts that would support a finding of any agreement or meeting of the minds between any of the defendants and any state actor. *See generally* Docket 1.[4] Hunter does not even allege that any state actor violated

---

[4] In his complaint, Hunter states that "[c]ourts have clarified private conduct may be so intertwined with governmental action . . . 'to be subject to the Constitutional limits placed on state action under the [F]ourteenth Amendment.' " Docket 1 at 10 (quoting *Adikes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)). This conclusory statement of law, unsupported by any facts, does not mean that defendants, private actors, were acting under "color of state law" in this case.

his rights. *Id.* At most, construing Hunter's complaint liberally, he alleges that Billion Automotive availed itself of a Minnesota statute to collect a fraudulent debt. But "a private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n.21 (1982)); *see also Daimler Trust v. Prestige Annapolis, LLC*, 2016 WL 3162817, at *9 (D. Md. June 7, 2016) ("seeking to establish and enforce a garageman's lien pursuant to a Maryland statute is not state action within the meaning of § 1983") *Parks v. "Mr. Ford"*, 556 F.2d 132, 139 (3d Cir. 1977) ("private action pursuant to the Pennsylvania garagemen's lien is not 'state action' or action 'under color of' state law"); *Phillips v. Money*, 503 F.2d 990, 992 (7th Cir. 1974) ("[D]etention pursuant to a common law or statutory mechanic's lien by a private individual in possession of that motor vehicle does not constitute 'state action' within the meaning of the Fourteenth Amendment."). Because Hunter has not alleged that defendants participated in joint activity with any state actor, his complaint fails to state a claim under § 1983.

### d.   Attempted Monopolization

Hunter alleges that Billion "is setting up another monopoly in the City of Worthington" and is engaged in a "scheme to eliminate other businesses[.]" Docket 1 at 6, 8–9. Section 2 of the Sherman Act makes it unlawful to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States[.]" 15 U.S.C. § 2. To state a claim under § 2 of the Sherman Act,

a plaintiff must identify a valid relevant market. *Fed. Trade Comm'n v. Tenet Health Care Corp.*, 186 F.3d 1045, 1051 (8th Cir. 1999) (stating that identifying the "relevant market is a necessary predicate to the finding of an antitrust violation."). Because Hunter does not allege either a relevant geographic or product market, he fails to state a claim under § 2 of the Sherman Act. *See Par v. Wolfe Clinic, P.C.*, 70 F.4th 441, 450 (8th Cir. 2023) (affirming dismissal of complaint under § 2 of the Sherman Act for failure to allege a relevant geographic market).

### 2.    Diversity Jurisdiction

Because federal-question jurisdiction under 28 U.S.C. § 1331 is inapplicable, the court must determine whether diversity jurisdiction exists. Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). Hunter, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Hunter seeks to bring this action on behalf of "others in The Public [who] have been extorted by Billion[.]" Docket 1 at 11. The complaint alleges that "[p]laintiffs reside in the United States of America [i]ncludes [sic] the States of South Dakota, North Dakota, Iowa, Minnesota[.]" *Id.* at 2. But Hunter, a pro se litigant, cannot pursue this case on behalf of others. *See* 28 U.S.C. § 1654 ("In

all courts of the United States the parties may plead and conduct their own cases personally[.]"). Thus, Hunter is the only proper plaintiff in this action, but the complaint contains no allegations regarding Hunter's citizenship. *See generally* Docket 1. Further, the complaint contains no allegations regarding defendants' citizenship.[5] *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." (citation omitted)).

It is not clear whether Hunter intends to name Billion Auto of Worthington, Minnesota as a defendant. In the caption of his complaint, Hunter identities "Auto" as a defendant, and the body of his complaint refers to the defendants as "Respondents" and includes allegations directed at the corporate entity. If Hunter intends to name a corporate entity as a defendant, to establish diversity jurisdiction, the complaint must set forth the corporate entity's state of incorporation and principal place of business. *Dale v. Weller*, 956 F.2d 813, 815 (8th Cir. 1992). Hunter's complaint contains no allegations regarding the place of incorporation or the principal place of business of Billion Auto. Because the complaint does not allege the citizenship of the individual defendants or the place of incorporation or principal place of business of Billion

---

[5] According to the complaint, "Defendant resides [in] South Dakota therefore venue proper Title 28 U S C Section 1391(a)[.]" Docket 1 at 1. Allegations of residency rather than citizenship are insufficient to establish diversity jurisdiction. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Auto, Hunter has not met his burden of establishing diversity jurisdiction. *Id.* ("Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." (internal quotation omitted)); *Walker ex rel. Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997) (stating that party asserting diversity jurisdiction bears the burden "to plead the citizenship of the parties").

For these reasons, Hunter's complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) due to lack of subject-matter jurisdiction. *See Sanders*, 823 F.2d at 216 (stating that district courts should "be attentive to a satisfaction of jurisdictional requirements in all cases." (citation omitted)).

Thus, it is ORDERED:

1. That Hunter's motion to proceed in forma pauperis (Docket 2) is granted.

2. That Hunter's complaint (Docket 1) is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) due to lack of subject-matter jurisdiction.

3. That Hunter's motion for order to show cause (Docket 3) is denied because this court lacks subject matter jurisdiction.

4.    That this action is unsealed.

Dated April 25, 2024.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE